MONROE, Judge,
dissenting.
Because of this opinion, parents in Alabama can no longer rely on this state’s judicial system to work with them in providing help for their children through periods of hard times. Instead, I believe the majority’s opinion penalizes those parents who determine that, because they have fallen on hard times, their children would be better off in the temporary custody of a third party — just until the parents are able to get back on their feet. It is also likely to discourage parents from seeking what used to be a viable alternative to a grim situation.
The mother in this case voluntarily gave temporary custody of her two children to a third party because she lacked the financial resources to properly provide for the children. Then, as the majority admits, she worked to change her circumstances. She remarried; she improved her financial situation; she took parenting classes; she went to counseling; she got a house large enough to accommodate her family; and she has remained free from drugs — each of her numerous drug tests came back negative. A Department of Human Resources worker testified that she would recommend that the mother regain custody of the children.
Despite the mother’s best efforts to better herself and to provide a better life for her children, when she petitioned the court to regain custody of her children, the court determined that changing custody from the third party who was granted temporary custody to the mother would have a disruptive effect on the children. This case did not involve allegations of abuse, or a custody battle between parents. This case involved a mother who allowed a third party to have temporary custody of her children during the time she was financially unable to care for them. Even though she is now back on her feet and ready to assume custody of her children, the court is unwilling to let her regain custody because, according to the court, it will disrupt the children’s lives.
Any time children are moved from one environment to another, the move is likely to have a disruptive effect on them. But I believe that, in cases like this one, reuniting the family “materially promotes the children’s best interest” and more than outweighs the disruptive effect on the children. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
For these reasons, I must respectfully dissent.
ROBERTSON, P.J., concurs.